UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD B. BROOKS,<br><br>        Petitioner,<br><br>        v.<br><br>R. FOX,<br><br>        Respondent. | Case No. 16-cv-06418-HSG<br><br>**ORDER OF TRANSFER; DENYING MOTION TO DIMISS AS MOOT**<br><br>Re: Dkt. No. 15 |

Petitioner, a state prisoner incarcerated at California Medical Facility in Vacaville, California, filed this *pro se* writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now pending before the Court is Respondent's motion to transfer or, in the alternative, dismiss the petition. Dkt. No. 15. Petitioner has filed an opposition. Dkt. No. 18. Respondent has not filed a reply, and the time to do so has long since passed. Having reviewed the petition and the pleadings, the Court will TRANSFER this action.

Petitioner was convicted in San Francisco County, which lies in this district. However, the petition challenges the execution of his sentence. Specifically, Petitioner alleges that the Board of Prison Terms erred in denying him parole, and that his ongoing confinement is disproportionate to his culpability and violates the Eighth Amendment. Dkt. No. 9 at 5; Dkt. No. 13 at 2. A petition for a writ of habeas corpus made by a person in custody under the judgment and sentence of a state court of a state which contains two or more federal judicial districts may be filed in either the district of conviction or the district of confinement. *See* 28 U.S.C. § 2241(d). Petitioner is correct that each of such districts has concurrent jurisdiction to entertain the petition. *Id.* However, the district court for the district where the petition is filed may transfer the petition to the other district in the furtherance of justice, and the district of conviction is not required to hear the petition. *See*

1  *id.* Federal courts in California traditionally have chosen to hear petitions challenging a

2  conviction or sentence in the district of conviction or sentencing. *See* Habeas L.R. 2254-3(b)(1);

3  *Laue v. Nelson*, 279 F. Supp. 265 (N.D. Cal. 1968). But if the petition challenges the manner in

4  which a sentence is being executed, e.g., if it involves parole or time credits claims, as is the case

5  here, the district of confinement is the preferable forum. *See* Habeas L.R. 2254-3(b)(2); *Dunne v.*

6  *Henman*, 875 F.2d 244, 249 (9th Cir. 1989).

7  　　Petitioner's habeas claims challenge the execution of his sentence, in that they challenge

8  the denial of parole, and Petitioner is housed in California Medical Facility in Solano County,

9  which lies within the venue of the Eastern District of California. *See* 28 U.S.C. § 84(c)(1). The

10  Eastern District is the preferable venue for this action. Pursuant to 28 U.S.C. § 1404(a) and

11  Habeas Local Rule 2254-3(b), and in the interest of justice, this action is TRANSFERRED to the

12  United States District Court for the Eastern District of California. The motion to dismiss is

13  therefore DENIED without prejudice to re-filing after this action has been transferred to the

14  appropriate venue. The Clerk shall close the file.

15  　　**IT IS SO ORDERED.**

16  Dated:　5/16/2019

17  _____

18  HAYWOOD S. GILLIAM, JR.
United States District Judge

19

20

21

22

23

24

25

26

27

28